Adam I. Gafni, Cal. Bar No. 230045
GAFNI & LEVIN LLP
12121 Wilshire Blvd., Suite 805
Los Angeles, California 90025
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>       Plaintiff,<br><br>vs.<br><br>TODD MUELLER, an individual; TODD MUELLER AUTOGRAPHS, LLC, a Colorado Limited Liability Company; WAYMON MUELLER AKA WAMCO,<br><br>       Defendants. | Case No.: 2:20-cv-11408-JFW-MRWx<br><br>Assigned to Honorable John F. Walter<br><br>**ORDER RE JOINT STIPULATION FOR DISMISSAL AND RETENTION OF JURISIDICTION** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Pursuant to the Joint Stipulation of Plaintiff Barry Rosen and Defendants Todd Mueller and Todd Mueller Autographs, LLC by and through their respective counsel, the Court hereby orders:

That the above-captioned action be dismissed with prejudice with all parties to bear their own attorneys' fees and costs provided that the Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement attached as Exhibit 1.

**IT IS SO ORDERED.**

Dated: December 14, 2021

                                                            *[signature]*
                                                            Hon John F. Walter
                                                            United States District Court Judge

# Exhibit 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

The parties to this Settlement Agreement and Release ("Agreement") are Barry Rosen ("Rosen") on the one and the other hand Todd Mueller, Todd Mueller Autographs, LLC, and Waymon Mueller dba wamco (herein after "Defendants").

WHEREAS, Rosen has alleged that Defendants have infringed upon three (3) of Rosen's photographs registered with the U.S. Copyright Office: (1) a photograph of Gena Lee Nolin ("Nolin Photograph") Registration number VA 1-274-965; (2) a Photograph of Cindy Taylor ("Taylor Photograph") registered as VA 1-239-762; and Photograph of Pamela Anderson ("Anderson Photograph") registration number Vau692-228 Collectively, the Nolin Photograph, Taylor Photograph, and Anderson Photograph will be referred to as the "Photographs."

WHEREAS Rosen has filed a complaint with the United States District Court, Central District of California styled *Barry Rosen v. Todd Mueller et al. Case No. 2:20-cv-11408* (the "Lawsuit") asserting Defendants infringed the Photographs (the "Dispute").

WHEREAS, it is the desire of the parties to this Agreement to settle, once and forever, the aforementioned Dispute;

NOW, THEREFORE, for and in consideration of the mutual promises and undertakings set forth herein, the parties agree as follows:

1. PAYMENT: Defendants agree to pay Rosen **Seventy-Five Thousand Dollars ($75,000.00)** (the "Settlement Amount"), delivered and payable to the "Gafni & Levin LLP Client Trust Account" at the Payment Method described below on the following Payment Schedule: Twenty-Five Thousand Dollars within no later than two (2) business days of full mutual execution of this Agreement and then Ten (10) monthly payments of Five Thousand Dollars ($5,000). The Monthly payments of Five Thousand ($5,000) shall commence thirty (30) days after mutual execution of this Agreement and shall continue each month until the full Settlement Amount is paid.

The "Payment Method" shall be: The Settlement shall be paid by Defendants via good and sufficient funds by the date due such that it shall be received by Gafni & Levin LLP by the due date via the following means: (a) If by check, cashiers check or money order: Gafni & Levin LLP 12121 Wilshire Blvd. Suite 805 Los Angeles, CA 90025 (or any other address designated in writing by Rosen through counsel); or (b) By ACH/wire to the account and routing information to be provided by Rosen through counsel.

Should any payments fail to be received by the date due, Rosen shall notify Defendants in writing, via email, facsimile, or U.S. mail to the address provide below. Defendants shall have ten (10) days from notification to cure payment ("Cure Period"). If Defendants fail to cure within the Cure Period, the entire remaining unpaid amount due shall become immediately due and shall be paid by no later than (10) days after the Cure Period has elapsed.

2. RELEASE(S)

1

a. Release of Defendants: Upon full payment by Defendants of the full Settlement Amount, Barry Rosen, on his own behalf and on behalf of his representatives, attorneys, heirs, insurers, executors, administrators, agents, successors and assigns does hereby release, acquit and forever discharge Defendants and its present and former insurers, successors, predecessors, subsidiaries, parents, divisions, shareholders, officers, directors, employees, and attorneys from any and all claims, expenses, debts, demands, costs, contracts, liabilities, obligations, actions and causes of action, whether known or unknown whether in law or in equity from the beginning of time through the Effective Date of this Agreement which arise out of the Dispute, the Lawsuit or Defendants' alleged infringements of the Photographs.

b. Release of Barry Rosen: Defendants on their own behalf and on behalf of their representatives, attorneys, heirs, insurers, executors, administrators, agents, its predecessors and successors, does hereby release, acquit and forever discharge Barry Rosen and his representatives, attorneys, heirs, insurers, executors, administrators, and agents, from any and all claims, expenses, debts, demands, costs, contracts, liabilities, obligations, actions and causes of action, whether known or unknown, whether in law or in equity, which they had or have or may claim to have from the beginning of time through the Effective Date of this Agreement which arise out of the Dispute, the Lawsuit or Defendants' alleged infringements of the Photographs.

c. The Parties hereby waive the protection of California Civil Code section 1542, to the extent applicable, which reads:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

3. WARRANTIES. Defendants agree to not upload, distribute, copy or otherwise infringe the Photographs. Plaintiff warrants that he holds all right, title and interest to the Copyright in the Photographs. All parties to the Agreement warrant they have the authority to affect the releases

4. DISMISSAL: Within five (5) days of the parties executing this Agreement and after the first payment of <u>Twenty-Five Thousand Dollars has been paid</u>, counsel for Barry Rosen shall contact the Court before which the Lawsuit is pending to inform the Court that the parties have reached a Settlement Agreement and file a Notice of Settlement advising the Court that the case will be fully dismissed upon Defendants complying with its obligations which should take place within one (1) year.  Within five (5) days of Defendants making the first payment of Twenty-Five Thousand Dollars ($25,000) above or earlier if Plaintiff determines such, Plaintiff shall file the Stipulation for Dismissal and Retention of Jurisdiction (with all parties bearing their own attorneys' fees and costs) and [Proposed] Order attached as Exhibit "1" hereto.

5. NO ADMISSION OF LIABILITY: This Agreement effects the settlement of disputes which are denied and contested and nothing contained herein should be construed as an admission by any party of any liability of any kind with respect thereto. All such liability is expressly denied. Further, all parties are to bear their own costs and attorneys' fees except as stated herein.

6. STATUTE OF LIMITATIONS: In the event Defendants fail to comply with its obligations under this Agreement and all applicable statutes of limitations related to the claims of Rosen against Defendants to toll concurrently therewith.

7. ENTIRE AGREEMENT: This Agreement sets forth the entire agreement between the parties and supersedes any and all prior oral or written agreements or understandings between the parties concerning this subject matter. This Agreement may not be altered, amended or modified except by a further writing signed by the parties.

8. AUTHORITY: Each party to this Agreement represents and warrants that it has full power and authority to enter into this Agreement. By the signature of each of the representatives of the parties hereto placed on this Agreement, each such signatory represents and warrants that he or she is authorized to sign this Agreement on behalf of the party for whom he or she is signing.

9. COUNTERPARTS: This Agreement may be executed and delivered in two or more counterparts, each of which when so executed and delivered shall be the original, but such counterparts together shall constitute but one and the same instrument. The parties agree that an emailed, electronically signed or transmitted copy of the agreement will be enforceable.

10. UNENFORCEABLE TERMS: In the event that any provisions of this Agreement shall be held to be void, voidable or unenforceable, the remaining portions hereof shall remain in full force and effect.

11. ATTORNEYS' FEES: In the event that any of the parties to this Agreement bring suit, or initiate any proceedings (including to enforce this settlement) arising out of or related to this Agreement including but not limited to collection or enforcement of judgment proceedings, the prevailing party shall be entitled to all reasonable attorneys' fees and costs in connection with such collection efforts, suit, or proceedings.

12. NOTICE: Notice to Plaintiff via email to Adam I. Gafni, Gafni & Levin LLP at the email adam@gafnilaw.com with cc to Fiona@gafnilaw.com. Notice to Defendants shall be to: jstephes@hendricks.law and christopherrolinphn@gmail.com. Notice shall be complete upon email.

IN WITNESS WHEREOF, the parties have executed this instrument on the dates indicated below.

[SIGNATURE PAGE TO FOLLOW]

Dated: November ___, 2021

_____
Barry Rosen

Dated: November ___, 2021
*Dec 3*

*[signature]*

_____
Todd Mueller Autographs, LLC

Name: *Todd Mueller*

Title: *owner*

Dated: November ___, 2021
*Dec 3*

Dated: November ___, 2021

_____
Waymon Mueller, an individual

*[signature]*

_____
Todd Mueller, an individual

4

*[Signature: Adam Gafni]*

Dated: November ___, 2021

*[Handwritten: Fax 424-488-1344]*

_____
Barry Rosen

Dated: Dec 8, 2021 *(November struck through)*

*[Signature: Waymon Mueller]*
Waymon Mueller, an individual
by Atty Chris Rolin
authorized agent
and counsel in the
litigation

Dated: November ___, 2021

_____
Todd Mueller Autographs, LLC

Name: _____

Title: _____

Dated: November ___, 2021

_____
Todd Mueller, an individual

4

Dated: November Dec 10, 2021

_____
Barry Rosen

Dated: November ___, 2021
Dec 3

_____
Todd Mueller Autographs, LLC

Name: Todd Mueller
Title: owner

Dated: November ___, 2021

_____
Waymon Mueller, an individual

Dated: November Dec 3, 2021

_____
Todd Mueller, an individual

4